Our final case of the day is Barrados-Zarate against Barr. Ms. Saeed. Good morning Your Honor. May it please the Court, Counsel. My name is Nasreen Saeed. I represent the petitioner Luis Barrados-Zarate. He is a 39 years old Mexican national. He lives with his partner and his US citizen children who depend on him in every sense of the word. He entered the US in February of 1997 when he was only 15 years of age and since then has established a life in the US. The petitioner was placed in removal proceedings and filed for cancellation of removal to obtain, for cancellation of removal as a form of relief. To obtain cancellation of removal, the petitioner must establish four things. One, that he's been in the US for 10 years or more. That he has good moral character. He's never been arrested for any type of offense that would bar him from this relief. And that his US citizen or lawful permanent resident, spouse, parent, or child will suffer extreme hardship if they were forced to be relocated or if he is forced to be deported. The immigration judge denied his case on the whole ground that the level of hardship the children will suffer was not extreme and unusual. This is the point that both the Immigration Court and the board erred on. Generally, this court lacks jurisdiction in regards to discretionary issues. However, in this case, the petitioner is not subject to this bar because an exception lies where there's a question of a constitutional issue or question of law. This court long held that whenever the Board of Appeals or Immigration Court does not consider all the factors in a cancellation of removal case, then it vests jurisdiction in this court as a question of law, as is the case here. The board has always considered a list of factors when establishing a cancellation of removal. One of the factors is specifically country conditions, which were clearly laid out in the record in this case. Both the immigration judge and the Board of Appeals failed to consider the conditions of Mexico when making their determination of whether or not granting the petitioner's cancellation of removal case. Ultimately, decided that there was no unusual hardship that neither the U.S. citizen children would face or the petitioner would face if they were to be relocated to Mexico. It's clearly an error because the record clearly shows that the petitioner and his attorney addressed the conditions of Mexico in written testimonies, oral testimonies, pre-hearing statements, and the country report conditions that were submitted to the courts. Specifically, the petitioner in his written statement addressed in the administrative record clearly states, also, Mexico is an extremely dangerous place to live because there's so much violence and the police seem powerless to stop the criminals. I am afraid that Mexico is most dangerous now than it was when I first came to the U.S. 15 years ago. I fear for my children's safety because I know that American citizens and people returning from the U.S. are targeted or kidnapped for ransom. I apologize, I misspoke, are targeted as kidnapped victims. Additionally, the petitioner also submitted an addendum to his affidavit and it is in the administrative record pages 197 through 198, clearly stating, also, Mexico is an extremely dangerous place to live because there is so much violence and the police seem powerless to stop the criminals. I know that Mexico's... Excuse me, but it sounds like you're arguing the evidence showed that it would be, that anyone removed from the United States to Mexico would face exceptional and extremely unusual hardships. Your Honor, it is anyone who is a U.S. citizen or returning national, which is an inherent aspect in the cancellation of removal case in determining hardship to the U.S. citizen relatives. So, everybody qualifies? Correct, Judge. So, U.S. citizens or local permanent residents who are forced to relocate to Mexico are faced with this I don't mean to be glib about this and I know what you're talking about, but we've got a statutory standard that says exceptional or extremely unusual and if everybody qualifies, that doesn't sound exceptional or extremely unusual. Correct, Judge. I see what you mean, but in essence, the exceptional and extraordinary hardship the board has previously listed enumerated factors that qualify as an extreme hardship and country conditions is one of them. And it's very important for us to consider the country's conditions before we send out U.S. citizens or green card holders to live there indefinitely. So, you've been telling us about what was in the record before the immigration, Judge. Could you say that this was not raised in the appeal to the Board of Immigration Appeals? Of course, Judge. The government is stating that it was never presented in the Board of Appeals. We are clearly arguing against that, Judge, because it was clearly written in the petitioner's brief from his previous attorney where it listed out the factors of what qualifies as an extreme or in addition, Judge, that the board reviewed the final order of the immigration, Judge Genovo, basically meaning that he, that the board was supposed to look at the record entirely and then make his determination. The board failed to consider the numerous statements submitted regarding country reports. The petitioner's statements were in end oral regarding the safety and the country conditions in Mexico and the pro-offer statement by the partners, by the petitioner's partner who also addressed the safety conditions in Mexico. They basically ignored that whole factor and jumped into the medical, the school, the... Another way of describing that is that they, is that the board responded to the arguments that were made. We will often remand cases to the board for failing to address arguments that were made. Are you saying that the board has an obligation to look at the record for any possible arguments that might have been made? I'm saying, Judge, that the board has the responsibility to look at the record when it's reviewing Genovo. How does that apply to us, for example? Would the same rule apply to, for example, if we're reviewing summary judgment in a regular civil case? We review it Genovo. Are we obliged to look through for arguments and evidence that might have been used to overturn the decision? No, Judge, but you are, the court is obligated to review or at least address issues that have even briefly been addressed in the briefs or in the arguments. I mean, a section is not necessarily needed to be devoted on a specific factor when all factors needs to be considered. And as long as it's addressed, I feel like that is enough for the court to say, well, yes, it is addressed. Country conditions is an issue. Here's why we think that it either applies or doesn't apply. I hope that answered your question, Judge. Well, I mean, our case law routinely says that arguments that are raised only, points that are raised kind of in passing, only briefly, not really developed, are treated as waived or forfeited. And I'm having trouble being tougher on the BIA than we are on ourselves in that respect. Right, Judge, but this court also has actually faced this issue in the Bernard versus Session case where the petitioner there, again, briefly addressed the issue of the persecution but didn't devote a whole section on it. And yet, the court remanded back to the board saying that it was not, not remanded, but this court addressed that it was not waived. That issue was not waived because it's an inherent issue within the case itself, as is the country conditions here. In this case, it's an inherent factor when determining cancellation of removal. So, for that reason, Judge, Your Honors, we believe that the board has failed to follow its own precedent in considering country conditions as one of the factors when determining cancellation of removal and ask that this court grant our petition for review. Thank you. Thank you, Counsel. Mr. O'Connell. Good afternoon, Your Honors. Can you hear me? This is Joseph O'Connell on behalf of the Attorney General. I know it's been a long afternoon. I'll be as brief as I can. The government believes that the petition for review should be denied because the only argument Mr. Baratos raises in his opening brief to this court was not exhausted before the board. Just to give this some brief context, Mr. Baratos raised four very specific arguments to the board regarding hardship about what he claimed the immigration judge allegedly did not consider. These included arguments relating to, number one, his wife's depression, employment opportunities, medical care, and education for his children. None of these arguments claimed that the immigration judge failed to adequately consider the conditions of crime in Mexico. In his decision, the board addressed each and every one of Mr. Baratos's arguments in turn and ultimately agreed with the immigration judge's determination. Now in his opening brief, Mr. Baratos claims of the immigration and the board failed to adequately consider issues relating to crime relating to crime in Mexico. He concedes, however, at page 27 of his opening brief, that the issue of violence was not directly presented to the board. That's a quote. That's at page 27 of the opening brief. How do you respond to Ms. Saeed's argument that the board had to do a de novo review and it was raised before the ALJ? I would disagree with the contention that it was in fact raised, that this argument was in fact raised. I went through the entire argument section of Mr. Baratos's brief to the board and there's nothing in that section in any of those arguments about crime in Mexico. And number two, the board does do a de novo review, but at the same time the agency is not required to enumerate every single piece of evidence that is presented to it. And there's a case called Perez Fuentes v. Lynch that holds that exactly. I can give you a case that if you want to, Your Honor. So basically, to answer that question, we don't think it was raised. And number two, the agency doesn't have to enumerate every single piece of evidence that is raised to it. So you don't think it was raised before the immigration judge? That was her argument, that it was raised before the immigration judge. I do believe it was raised before the immigration judge. I agree with that. But the immigration judge did consider that evidence of crime in Mexico in her decision. It's at page 68 of the record. The immigration judge notes the high crime rate in Mexico, and she notes that Mr. Baratos has concerns relating to crime in Mexico. If Mr. Baratos had some issue with the way the immigration judge addressed crime in Mexico, then his obligation was to raise that to the board. The board addressed every single one of them in turn and agreed with the immigration judge's determination. The board didn't enumerate every single piece of evidence that was addressed to the IJ in the first instance, and it's not required to do that. So basically, at bottom, what Mr. Baratos is doing is faulting the board for not addressing an argument that was not raised to the board during his administrative appeal. And I'd just like to note one thing, Bernard, that petitioner cited was a waiver case and not an exhaustion case. So it doesn't really doesn't really apply in this instance. Um, so unless there's any questions, your honor, we believe this this argument was not properly raised to the board, and the board was not required to specifically address a potential argument. It wasn't required to otherwise enumerate every single piece of evidence that was addressed that was submitted to the believes that petition for you should be tonight. Thank you very much. Council. The case will be taken under advisement, and the court will be in recess.